IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LINDA K. DOUGHTY, § | |
| (BOP # 09718-031) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:07-CV-232-Y |
| § | |
| UNITED STATES OF AMERICA § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(ii)

This case is before the Court for review of pro-se inmate and plaintiff Linda K. Doughty's civil complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Doughty, an inmate housed at the Bureau of Prisons, FMC--Carswell facility, has filed a civil complaint and attachments seeking relief from the United States of America under the Federal Tort Claims Act ("FTCA"). Doughty alleges that while she was volunteering to work in the kitchen on September 13, 2006, the handle on a pallet jack full of milk was pinned against her chest, and "snapped" and "broke" her wrist. (Compl. attachment.) The injury resulted in surgery. Doughty alleges that she suffers ongoing injury, and will "suffer from her wrist for the rest of her life," and she seeks $100,000.00 from the United States. (Compl.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Title 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Doughty's complaint with attachments, the Court concludes that her claims for relief under the FTCA are barred, and must be dismissed under the authority of these provisions.

The Inmate Accident Compensation Act ("IAC"), 18 U.S.C. § 4126, authorizes proceeds gained from prison industries to be deposited into a fund to, in part, pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined."[6] This statute is a federal prisoner's exclusive remedy against the United States for

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 18 U.S.C. A. § 4126(c)(4)(West 2000).

2

work-related injuries and bars a prisoner from seeking recovery under the FTCA.[7] As Doughty's claim arises from her work in the kitchen at FMC-Carswell, she may not assert a claim under the FTCA for injuries sustained in such incident. Thus, her claims under the FTCA must be dismissed[8] under authority of 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C. § 1915(e)(2)(B)(ii).

Therefore, Linda K. Doughty's claim for relief under the FTCA is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

SIGNED October 23, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Demko,* 385 U.S. 149, 152-53 (1966); *see also Aston v. United States,* 625 F.2d 1210, 1211 (5th Cir. 1980)

> ("Injuries sustained [by federal prisoners] while working are not [compensable under the FTCA]. *Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job"),

*citing Thompson v. United States,* 495 F.2d 192 (5th Cir. 1974)(aggravation of work-related injuries by negligent medical care); *Wooten v. United States,* 437 F.2d 79 (5th Cir. 1971) (prisoner injured in elevator while on lunch break); *United States v. Cole,* 376 F.2d 848 (5th Cir. 1967); *Jewell v. United States,* 274 F.Supp. 381 (N.D.Ga.1967).

[8] A prisoner "cannot receive compensation under the IAC Regulations until he is released, and cannot file a claim more than 45 days prior to release." *Luttrell v. United States,* No.93 C 5226, 1994 WL 605746, at *2, *citing* 28 C.F.R. § 301.301(a) & § 301.303. According to the Bureau of Prisons, Linda K. Doughty is not scheduled for release until January 16, 2009. *See* www.bop.gov last visited October 23, 2007. Thus, she is not yet entitled to pursue relief under the IAC regulations, and presently has no remedy under 18 U.S.C. § 4126.

3